**Abatement Order filed September 14, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-12-00429-CR**
**NO. 14-12-00432-CR**

_____

**CHARLES ALLEN DONELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Court Cause Nos. 11-12-13328-CR & 11-12-13327-CR**

---

## ABATEMENT ORDER

The reporter's record in this case was due May 21, 2012.  *See* Tex. R. App. P. 35.1. On June 15, 2012, this court granted a motion for extension of time for **Heather Deiss** to file her portion of the record.  The record was not filed.  No further extension of time was requested.

On July 18, 2012, this court ordered **Heather Deiss** to file her portion of the record within 30 days and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file

the record.   The record has not been filed with the court.   The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed.   *See* Tex. R. App. P. 35.3(c).   It is the duty of the trial court to ensure that its reporter's work is timely accomplished by setting work priorities.   Tex. R. App. P. 13.3.   Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the 435th District Court to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate to (a) determine the reason for failure to file the record; (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered.   We order the court to prepare a record, in the form of a reporter's record, of the hearing.   The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions.   The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket.   The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court.   The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.   If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.


2